1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7
8
9
10
11
12

| UNITED STATES OF AMERICA, *ex rel.* CHERYL NOLTE BARNES | Case No. 2:15-CV-1621 JCM (VCF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| CLARK COUNTY, et al., | |
| Defendant(s). | |

13
14
15
16
17

Presently before the court is defendants Clark County, the Clark County Department of Aviation ("DOA"), and McCarran International Airport's ("McCarran") motion for attorneys' fees. (ECF No. 93). Qui tam plaintiff/relator Cheryl Nolte Barnes responded in opposition, (ECF No. 95), to which defendants replied, (ECF No. 96).

18

**I.    Background**

19
20
21
22
23
24
25

The parties have engaged in two decades of litigation in both state and federal court regarding the inverse condemnation of airspace. (ECF No. 93). On August 24, 2015, plaintiff initiated the instant qui tam action, alleging 1) false certifications of compliance with the relocation act to obtain grant funding, 2) use of false statements material to false or fraudulent claims to obtain grant funding, 3) false certifications of compliance to obtain approval of PFC applications, 4) use of false statements material to false or fraudulent claims to obtain PFC applications—all violations of the False Claims Act ("FCA"). (ECF Nos. 2, 13).

26
27

On January 8, 2018, this court granted defendants' motion to dismiss, (ECF No. 49), and defendant's initial motion for attorney's fees, (ECF No. 78). On appeal, this court's dismissal was

28

James C. Mahan
U.S. District Judge

1    affirmed, but the grant of attorney's fees was vacated and remanded for further proceeding. (ECF

2    Nos. 87, 92).

3         The Ninth Circuit reasoned that vacatur was appropriate, because "the standard the district

4    court used to assess the timeliness of Barnes' claims is no longer good law.  *See Cochise*

5    *Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct. 1507, 1514 (2019) (*abrogating United*

6    *States ex rel. Hyatt v. Northrop Corp*, 91 F.3d 1211 (9th Cir. 1996))." (*Id.*).  The panel also found

7    that, "[i]n concluding that the County could not have knowingly made false statements to the FAA,

8    the district court appears to have considered just three of the twenty-seven grant applications listed

9    in Barnes' complaint, without addressing her remaining claims." (*Id.*).  The relevant portion of

10   this court's opinion reasoned that "the County could not have knowingly made false certifications

11   because the alleged misstatements occurred before the Nevada Supreme Court's ruling in

12   *McCarran Int'l Airport v. Sisolak*, 137 P.3d 1110 (Nev. 2006) (en banc)." (*Id.*; see ECF No. 49).

13   However, the Ninth Circuit notes that "the County submitted twenty-four grant applications *after*

14   Sisolak was issued."  Thus the court of appeals could not

15   "determine whether the district court considered these applications when awarding attorney's

16   fees." (ECF Nos. 87, 92 (emphasis added)).

17        Thus, this matter was remanded for reconsideration of "whether attorney's fees are

18   warranted for reasons other than the statute of limitations." (*Id.*).  This court must make "detailed

19   findings in support of any award," per *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006 (9th Cir.

20   2002).

21        On July 6, 2020, the order on mandate from appeal was entered, (ECF No. 92), and

22   defendants have now renewed their request for attorney's fees.  (ECF No. 93).

23   **II.    Legal Standard**

24        Under the "American rule," litigants generally must pay their own attorneys' fees in

25   absence of a rule, statute, or contract authorizing such an award.  *See Alyeska Pipeline Co. v.*

26   *Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197

27   F.3d 1276, 1280–81 (9th Cir. 1999).  Nonetheless, the decision to award attorneys' fees is left to

28

**James C. Mahan**
**U.S. District Judge**

the sound discretion of the district court. *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994).

"In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns, Inc.*, 197 F.3d at 1282; *see also Alyeska Pipeline Serv. Co.*, 421 U.S. at 259 n.31. Under Nevada law, attorneys' fees are available only when "authorized by rule, statute, or contract." *Flaming Realty, Inc.*, 879 P.2d at 73; Nev. Rev. Stat. § 18.010.

Although state law governs whether a party is entitled to attorneys' fees, federal law dictates the procedure for requesting attorneys' fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also MRO Commc'ns, Inc.*, 197 F.3d at 1280–81 (explaining that Rule 54(d)(2) creates a procedure to request attorneys' fees, not a right to recover attorneys' fees). Federal Rule of Civil Procedure 54(d) governs requests for attorney's fees and nontaxable costs.

Under Rule 54(d), a prevailing party seeking attorneys' fees must meet the following four requirements: (1) file the motion no later than 14 days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (3) state the amount sought or provide a fair estimate of it; and (4) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. Fed. R. Civ. P. 54(d)(2).

The party moving for attorneys' fees must also meet the requirements set forth in Local Rule 54-14, which states in part:

> (b) Content of Motions. Unless the court orders otherwise, a motion for attorney's fees must include the following in addition to those matters required by Fed. R. Civ. P. 54(d)(2)(B):
>
> (1) A reasonable itemization and description of the work performed;
>
> (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable under LR 54-1 through 54-13;
>
> (3) A brief summary of:
>
>> (A) The results obtained and the amount involved;
>>
>> (B) The time and labor required;
>>
>> (C) The novelty and difficulty of the questions involved;
>>
>> (D) The skill requisite to perform the legal service properly;

James C. Mahan
U.S. District Judge

- 3 -

(E) The preclusion of other employment by the attorney due to acceptance of the case;

(F) The customary fee;

(G) Whether the fee is fixed or contingent;

(H) The time limitations imposed by the client or the circumstances;

(I) The experience, reputation, and ability of the attorney(s);

(J) The undesirability of the case, if any;

(K) The nature and length of the professional relationship with the client;

(L) Awards in similar cases; and

(M) Any other information the court may request.

LR 54-14(b).

Further, a motion for attorneys' fees and costs must be accompanied by an affidavit from the attorney responsible for the billings in the case to authenticate the information contained in the motion, and to prove that the fees and costs sought are reasonable. LR 54-16(c). A failure to provide the documentation required by LR 54-16(b) and (c) in a motion for attorneys' fees "constitutes a consent to the denial of the motion." LR 54-16(d).

**III.    Discussion**

*A.  Plaintiff's claims are frivolous*

Having prevailed on its motion to dismiss and appeal, defendants move for attorney's fees because 1) plaintiff's claims are meritless and frivolous and 2) plaintiff brought their claims for an "improper purpose." (ECF No. 93).

If the Government does not proceed with an FCA action, the court may "award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4). "An action is 'clearly frivolous' when 'the result is obvious or the appellant's arguments of error are wholly

James C. Mahan
U.S. District Judge

- 4 -

1    without merit.'"  *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006 (9th Cir. 2002) (*quoting*

2    *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994)).

3         Upon review of the record and the Ninth Circuit's instruction, (ECF Nos. 87, 92), this court

4    maintains its prior position, (ECF No. 78):  Defendants are the prevailing party, and plaintiff's

5    claims were clearly frivolous.  Although the award of attorneys' fees under the FCA is "reserved

6    for rare and special circumstances," this court again finds that this is one of those circumstances.

7    *Pfingston*, 284 F.3d at 1007.

8         This court initially determined that plaintiff's claims arising prior to August 24, 2009 were

9    clearly frivolous because they are time-barred.  (ECF No. 78).  However, controlling law on this

10   issue has since changed.  *See Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct.

11   1507, 1514 (2019) (*abrogating United States ex rel. Hyatt v. Northrop Corp*, 91 F.3d 1211 (9th

12   Cir. 1996)).  In *Cochise*, the limitations period was confirmed to begin on the date that "the official

13   of the United States charged with responsibility to act" obtained knowledge of the relevant facts;

14   "the statute provides no support for reading "the official of the United States" to encompass a

15   private relator."  139 S. Ct. at 1513.  Indeed, this court's prior order relied on when the private

16   relator would have known of the relevant facts.  (ECF Nos. 49, 76 (Plaintiff "presumably had

17   knowledge of the facts giving rise to her claims as early as 1993, when she filed her original inverse

18   condemnation action.").  Defendants make no argument on the substance of *Cochise*.  (ECF Nos.

19   93, 93-4, 96).  Instead, their papers explicitly rest on "separate and distinct grounds for dismissal."

20   (ECF No. 93).  Although it is abundantly clear that plaintiffs should have known that several of

21   their claims were time-barred under the controlling law at the time, this court makes no finding

22   regarding the statute of limitations.  Such a finding is unnecessary, because this court finds

23   plaintiff's claims frivolous for other reasons.

24        The Ninth Circuit affirmed this court's dismissal of plaintiff's claims, because 1) "Barnes

25   has not plausibly alleged that the FAA placed significant weight on the County's certification of

26   compliance with these particular provisions," and 2) "Barnes cannot plausibly allege that the

27   County made materially false statements in its applications for federal funding."  (ECF Nos. 87,

28   92).  Plaintiff must satisfy every single element of her claim.  *United States ex rel. Hendow v.*

James C. Mahan
U.S. District Judge

- 5 -

*Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006) (the essential elements of FCA liability are (1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due.).  A total inability to satisfy even one of these factors may render the claim frivolous.  Here, at the very least, there was no way that plaintiff could satisfy knowledge or materiality.

As this court has already stated plainly, "[p]laintiff's assertion that defendants knowingly misrepresented their positions regarding whether defendants took airspace without just compensation does not comport with this litigation history."  (ECF No. 49).  As to materiality, "[h]er complaint indicates only that the FAA conditioned its payments on the County's compliance with a long list of statutes, regulations, and policies, including the three provisions at issue."  (ECF No. 87).  The record presents no apparent avenue for plaintiff to properly allege that "the FAA placed significant weight on the County's certification of compliance with these particular provisions."  (*Id.*); *see Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016); *United States v. Bourseau*, 531 F.3d 1159, 1171 (9th Cir. 2008) ("[A] false statement is material if it has a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed.").  This is the case as to all passenger facility charge applications and twenty-seven grant applications identified in the complaint.  (ECF No. 13).  Plaintiff's response fails to appropriately or persuasively address these concerns.  (ECF No. 95).

Thus, this court finds that attorney's fees are appropriate and will now consider the reasonableness of defendant's requested fees of $283,251.46.  (ECF No. 93).

### B.  Defendants' requested fees are reasonable

The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Defendants represent that their counsel has "expended approximately hours 1,590.9 in this action between March 2017, and July 2020."  (ECF No. 93).  "This time was devoted to researching legal issues, drafting, revising and finalizing all briefs in this action necessary to eventually secure judgment against Relator, attending hearings in this matter, and responding to

James C. Mahan
U.S. District Judge

1   Relator's two hundred and six (206) Requests for Admissions." (*Id.*).    Defendants assert the

2   normal billing rates for their counsels' law firm, Brownstein Hyatt Farber Schreck, LLP, are as

3   follows: "Partners bill at an hourly rate of between $350.00 - $1,065.00.  Associates bill at an

4   hourly rate of between $245.00 - $510.00. As such, the rates billed to the County were substantially

5   reduced." (*Id.*).  Having reviewed the records, defendant's request comports with the required

6   calculations.

7           Defendants obtained a dismissal of plaintiff's claims which has withstood appeal.  The

8   amount at issue is substantial, even when considering only the $3 million that the United States

9   might have recovered.  (*Id.* ("The total exposure to the County was over $3.8 billion in damages,

10  of which the United States would have recovered $3 million and Relator would have recovered

11  over $829 million, if successful.")).

12          Defendants appropriately address the remaining lodestar factors as well:  Defendants assert

13  that this action presented "complex questions relating to the False Claims Act; namely, (i) the

14  pleading standards under the FCA, (ii) Qui Tam actions and claims under the FCA, 31 U.S.C. §

15  3729 et. seq., (iii) the requisite elements of scienter, causation, falsity and materiality, and case

16  law relating thereto, and (iv) the limitations period for FCA claims as codified in 31 U.S.C. §

17  3731(b)." (*Id.*).  Defendants assert that this case involved "the FCA and the Ninth Circuit

18  precedent relating thereto, and required the defendants' counsel to engage in extensive research to

19  gain familiarity with the same." (*Id.*).

20          Defendants assert that the fee here is "fixed, and equals the number of hours worked

21  multiplied by the applicable hourly rate, and is reduced by 15%." (*Id.*).  Defendants assert that

22  "several attorneys and paralegals from Brownstein worked on this matter. However, the principal

23  litigators were Kirk B. Lenhard, Esq., Laura B. Langberg, Esq., and Emily A. Ellis, Esq." (*Id.*).

24  Defendants appropriately detail the experience, reputation, and ability of the attorneys.  (*Id.*).

25  Additionally, "Mr. Lenhard has represented Clark County and McCarran Airport in litigation

26  matters since 2001.  Brownstein has represented Clark County and McCarran Airport since 2010,

27  when Mr. Lenhard joined the firm." (*Id.*).

28

**James C. Mahan**
**U.S. District Judge**

1    Finally, as to awards in similar cases, although defendants failed to properly address this

2    factor, plaintiff also failed to address this or any other lodestar factor under consideration by the

3    court pursuant to this motion.  (*Id.*; *see* ECF No. 95).  This court agrees with defendant that the

4    following factors are inapplicable:  "(i) the preclusion of other employment by the attorney due to

5    acceptance of the case, (ii) the time limitations imposed by the client or the circumstances, and

6    (iii) the undesirability of the case."  (ECF No. 93).

7    In light of the foregoing and having reviewed the submitted documents, this court holds

8    that the time and amount billed by defendants' counsel in litigating this case was reasonable.

9    Defendants seek only fees for hours actually worked and actually charged.  (*Id.*).  In response,

10   plaintiffs allude to "unexplained typographical errors" without identifying any.  (ECF No. 95).

11   This court finds no such error upon its own review of the records.  Plaintiffs also point to the fact

12   that defendants' counsel has worked "50%" more hours than plaintiffs' counsel, (*id.*), but the mere

13   fact that defendants have devoted more resources to the litigation of this case is given no weight

14   in the instant determination.  *See Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987)

15   ("A 'strong presumption' exists that the lodestar figure represents a 'reasonable' fee.").  Plaintiffs

16   offer no further substantive or persuasive opposition to the defendant's requested amount.

17   Therefore, the court awards attorney's fees to defendants in the amount of $283,251.46.

18   **IV.    Conclusion**

19   Accordingly,

20   IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants Clark County,

21   The Clark County Department of Aviation, and McCarran International Airport's motion for

22   attorney's fees (ECF No. 93) be, and the same hereby is, GRANTED, consistent with the

23   foregoing.

24   . . .

25   . . .

26   . . .

27   . . .

28   . . .

**James C. Mahan**
**U.S. District Judge**

- 8 -

IT IS FURTHER ORDERED that defendants Clark County, The Clark County Department of Aviation, and McCarran International Airport shall file a proposed judgment consistent with this order within twenty-one (21) days of the date of this order.

DATED December 23, 2020.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 9 -